# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2021

Lyle W. Cayce
Clerk

No. 21-50134

─────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Melendez-Rivera,

*Defendant—Appellant*.

─────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-cr-321-1

─────────

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Jose Luis Melendez-Rivera pleaded guilty to reentering the United States after deportation. Ordinarily, the maximum sentence for this offense is two years (plus a fine). 8 U.S.C. § 1326(a). But because Melendez-Rivera had a prior aggravated-felony conviction, his maximum penalty increased to 20 years (plus a fine). *See* 8 U.S.C. § 1326(b)(2). The prior conviction was

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50134

not alleged in the indictment. And rather than treating the conviction's existence as an element of the offense, the court treated it as a sentencing factor to be determined in the sentencing hearing. Based on the prior conviction and § 1326(b)(2)'s sentencing enhancement, the court imposed a sentence of 46 months' imprisonment and three years of supervised release, along with a $100 special assessment. Melendez-Rivera appealed. The Government filed an unopposed motion for summary affirmance.

The sole issue Melendez-Rivera raises on appeal is whether his sentence enhancement is unconstitutional because the fact of his prior conviction was not alleged in the indictment and was instead considered as a sentencing factor. Melendez-Rivera acknowledges this issue is foreclosed by Supreme Court precedent. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (explaining that *Almendarez-Torres* is still binding). He raises it merely to preserve it for further review. Because the issue is indeed foreclosed, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.